UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PAUL WEINAPPLE, | Case No. 2:24-cv-1769-DAD-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROB BONTA, *et al.*, | |
| Defendants. | |

Plaintiff, proceeding *pro se*, brings this case against Attorney General of California Rob Bonta and Scott Johnston and M. Bischel, both special agents for the Attorney General's Office. ECF No. 1 at 3. He alleges that defendants violated his civil rights by placing him on a list prohibiting possession of firearms, confiscating his firearms, and causing him to lose his job selling firearms at an outdoor supply store. ECF No. 1 at 4-5. Defendants have filed a motion to dismiss, seeking dismissal of all claims against them. ECF No. 9. After review of the pleadings, I recommend that the motion be granted.

**I.     Legal Standards**

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

1

1 face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility
2 when the plaintiff pleads factual content that allows the court to draw the reasonable inference
3 that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
4 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability
5 requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.
6 Iqbal, 556 U.S. at 678.

7     For purposes of dismissal under Rule 12(b)(6), the court generally considers only
8 allegations contained in the pleadings, exhibits attached to the complaint, and matters properly
9 subject to judicial notice, and construes all well-pleaded material factual allegations in the light
10 most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710
11 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

12     Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal
13 theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d
14 at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the
15 claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

16     **II.**    **Background**

17     Plaintiff alleges that, on February 6, 2023, defendants Johnston and Bischel arrived at his
18 home, announced themselves as agents of the California Department of Justice, and confiscated
19 his two guns—a pistol and a rifle.  ECF No. 1 at 4.  Plaintiff was then placed on a list that
20 prohibited him from owning firearms.  *Id.* at 5.  He subsequently lost his retail job at Turner's
21 Outdoorsman Store because he could no longer lawfully sell or work with firearms.  *Id.*

22     Plaintiff claims these acts by Johnston and Bischel and their supervisor Attorney General
23 Bonta violated his rights under the Second Amendment by depriving him of the right to bear
24 arms, the Fourth Amendment through their unreasonable search and seizure during the
25 confiscation of his guns, and his due process rights under the Fifth and Fourteenth Amendments
26 by placing him on the prohibited list.  *Id.* at 4-5.  He raises five specific claims: (1) a section 1983
27 claim against defendants for violating the Second Amendment, *id.* at 8; (2) a section 1983 claim
28 for violating the Fourth Amendment, *id.* at 11-12; (3) a section 1983 claim for violating his Fifth

and Fourteenth Amendment rights, *id.* at 13-14; (4) a claim under section 1985 for conspiracy to deprive civil rights, *id.* at 14-15; and (5) common law claims for conversion, breach of the peace, intentional infliction of emotional distress, and interference with common law property rights, *id.* at 17-18.  These claims are brought against all three defendants in both their official and individual capacities.  *Id.* at 3.  By way of relief, he seeks monetary damages and declaratory relief "in the form of a declaration, referred to in the federal questions above, from the court."  *Id.* at 18-19.

**III.    Analysis**

    **A.    The Official Capacity Claims are Barred by the Eleventh Amendment**

Defendants correctly argue that plaintiff's official capacity claims are barred by the Eleventh Amendment.  Claims for damages against a state official in his or her official capacity are, absent a waiver by the State or congressional override, barred by the Eleventh Amendment.  *Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985).  There is no waiver here, and section 1983 has not abrogated a State's immunity under the Eleventh Amendment.  *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999).  The Eleventh Amendment immunity also applies to plaintiff's state law claims.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

Plaintiff's claim for declaratory relief might fit into the exception to this immunity.  *See Ex Parte Young*, 209 U.S. 123 (1908); *Pennhurst State Sch. & Hosp.*, 465 U.S. at 102-03 ("[W]hen a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief.").  The complaint identifies two questions purportedly warranting declaratory relief.

First, plaintiff seeks declaratory relief stating that "defendants are impersonating public officials."  ECF No. 1 at 7.  This request for relief is, frankly, nonsensical and cannot support a claim.  Even if a court were to find that defendants had violated plaintiff's rights, it would not necessarily follow that defendants did not, at the relevant times, hold the official positions alleged.  And the complaint lays no groundwork for a claim that defendant Bonta is or was not the Attorney General of California or that the other defendants were not agents of his office.

Second, plaintiff seeks declaratory relief stating that defendants violated their oath of office. *Id.* at 8. This request does not fit into the exception for two reasons. First, it is retroactive rather than prospective. *See Green v. Mansour*, 474 U.S. 64, 74 (1985); *Nat. Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 423-24 (9th Cir. 1996) (affirming dismissal of claims for civil penalties and declaratory relief based on past conduct). And, even if this request for declaratory relief is cast in a prospective light, it is insufficiently specific. It does not identify which oaths of office are at issue or otherwise specify what precise questions the court is being asked to address. It seeks only a "general admonition" of the sort for which declaratory relief is ill suited. *See United States v. Washington*, 759 F.2d 1353, 1357 (1985) ("Precise resolution, not general admonition, is the function of declaratory relief.").

Accordingly, plaintiff's official capacity claims for damages should be dismissed with prejudice insofar as no amendment can save them, and his official capacity claims for damages should be dismissed without prejudice.

### B. Section 1983 Claims

Plaintiff's personal capacity section 1983 claims for damages against all three defendants should also be dismissed.

First, as defendants point out, plaintiff has not alleged any conduct attributable to defendant Bonta in his individual capacity. A supervisory defendant like Bonta can be held personally liable under section 1983 where there exists "(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Plaintiff fails to allege any personal involvement by Bonta in the alleged violation of plaintiff's rights. He makes vague and conclusory claims against this defendant, alleging that he "conspired" to violate plaintiff's Second Amendment rights, ECF No. 1 at 5, and that he was "privately motivated" by political ideology to deprive Californians of their right to bear arms. *Id.* These allegations are wholly devoid of substance and amount to the sort of the "defendant-unlawfully-harmed-me accusation" that the Supreme Court has deemed inconsistent with federal pleading standards. *Ashcroft*, 556 U.S. at 678. Absent more specific allegations of personal

4

involvement, plaintiff's individual capacity section 1983 claims against Bonta should be dismissed.

Second, plaintiff's individual capacity claims against Johnston and Bischel should be dismissed because confiscation of plaintiff's weapons and his placement on a list prohibiting possession of firearms did not violate federal law. Plaintiff was convicted of a felony in 1991. ECF No. 9-1 at 6.[1] In *United States v. Vongxay*, the Ninth Circuit held that a prohibition on felons possessing firearms did not violate the Second Amendment because "felons are categorically different from the individuals who have a fundamental right to bear arms." 594 F.3d 1111, 1115, 1118 (9th Cir. 2010). The Supreme Court has had cause to weigh in on the application of the Second Amendment several times since *Vongxay*, but courts in this district have concluded that those Supreme Court holdings have not overruled the Court of Appeals on this point. *See United States v. Phillips*, 827 F.3d 1171, 1174 (9th Cir. 2016); *United States v. Salas*, No. 2:23-cr-00236-ODW-6, 2024 U.S. Dist. LEXIS 58122, *6 (C.D. Cal. Mar. 29, 2024).

Plaintiff argues that recent case law calls into question the continuing validity of *Vongxay*'s holding. He may have something of a point. As an initial matter, his reliance on the Supreme Court's holding in *New York State Rifle & Pistol Ass'n Inc. v. Bruen*, 597 U.S. 1 (2022) is unavailing insofar as that holding cited *District of Columbia v. Heller*, 554 U.S. 570 (2008) for the proposition that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ." 597 U.S. at 81. More helpful to plaintiff is the Court of Appeals' recent decision in *United States v. Duarte*, wherein the court stated that *Vongxay*'s holding was no longer good law. 101 F.4th 657, 666-67

---

[1] Defendants ask that I take judicial notice of the court record establishing that plaintiff's conviction was a felony under Title 26, Section 7201 of the United States Code. Court records are appropriately subject to judicial notice, and defendants' request is granted. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (appropriate to take judicial notice of an opinion and briefs in another case). And the fact of the felony conviction is not disputed. Plaintiff admits in his complaint that he was convicted. ECF No. 1 at 10. He does not address whether that conviction was a felony, however, necessitating defendants' request for judicial notice. Notably, in plaintiff's opposition to the motion to dismiss, he admits that it was a felony. ECF No. 10 at 2.

1  (9th Cir. 2024).  That decision was vacated, however, and a rehearing en banc hearing is

2  scheduled.  *United States v. Duarte*, 108 F.4th 786 (9th Cir. 2024).

3        Here, critically, even if the en banc court were to endorse the prior panel's view,

4  defendants would be entitled to qualified immunity because, at the time they confiscated

5  plaintiff's weapons and placed him on the list, *Vongxay*'s validity had not been called into

6  question.[2]  *Jessop v. City of Fresno*, 936 F.3d 937, 940 (9th Cir. 2019) (For purposes of qualified

7  immunity, "[a] defendant violates an individual's clearly established rights only when 'the state

8  of the law' at the time of an incident provided 'fair warning' to the defendant that his or her

9  conduct was unconstitutional.") (internal quotation marks omitted).  This determination also

10 disposes of plaintiff's attendant due process claims.  He has not identified any specific process

11 that he was due but not afforded.  *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.

12 1993) ("A section 1983 claim based upon procedural due process thus has three elements: (1) a

13 liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the

14 government; (3) lack of process.").

15       Finally, plaintiff's Fourth Amendment claims should be dismissed without prejudice as

16 conclusory and vague.  He argues that defendants served him with a warrant that was not

17 constitutionally compliant, ECF No. 1 at 12, but does not offer specifics as to what the warrant

18 lacked and, thus, fails to give defendants adequate notice.

19       Given that the facts of what occurred are not in dispute and that the defendants are plainly

20 entitled to qualified immunity, no matter the ultimate outcome in *Duarte*, I recommend that

21 plaintiff's Second Amendment and due process claims be dismissed with prejudice, as no

22 amendment appears capable of saving them.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

23 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if

24 a complaint can possibly be saved."); *Cal. Architectural Bldg. Prod. Inc. v. Franciscan Ceramics,*

25 *Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include

26 undue delay, bad faith, prejudice, and futility.").

27

28     [2] This qualified immunity would also extend to defendant Bonta.

### C. Section 1985 Claim

Plaintiff's section 1985 claim against defendants also fails. To succeed on a section 1985 claim, a plaintiff must establish:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983)). It follows that if the actions taken did not violate plaintiff's rights, as I found above, then the second element cannot be met. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations").

### D. State Law Claims

Defendants correctly argue that plaintiff's state law claims for damages should be dismissed because he has not complied with the California Government Claims Act. That act bars claims for damages under state law against a public employee unless the claim is first presented to the Department of General Services—which just occur within six months of the alleged injury. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) ("Karim-Panahi's pendent state law tort claims against both the individual and public entity defendants are barred unless he presented them to the City and the LAPD before commencing suit."). Plaintiff does not allege that he has complied with that requirement. In his opposition, he claims that he should be exempted from this requirement because he has not filed a state tort claim. ECF No. 10 at 7. His complaint brings claims for state torts, however, insofar as it alleges infliction of emotional distress, conversion, and other state law torts. ECF No. 1 at 17-18. To the extent that he is still pursuing any state law torts or other state law claims, they are barred for failure to comply with the presentation requirement.

### E. Criminal Penalties

Finally, defendants are correct that plaintiff's request for criminal penalties against the defendants under 18 U.S.C. § 3571 is misplaced because plaintiff, as a private citizen, cannot bring civil claims based on criminal statutes. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

## IV. Conclusion

Accordingly, it is RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 9, be granted.

2. Plaintiff's Second Amendment and due process claims be dismissed with prejudice.

3. Plaintiff's Fourth Amendment individual capacity claim and state law claims be dismissed with leave to amend.

4. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE