UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PAUL WEINAPPLE,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, et al.,<br><br>Defendants. | Case No. 2:24-cv-01769-DAD-JDP (PS)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND IN PART</u><br><br>(Doc. Nos. 9, 15) |

Plaintiff, proceeding *pro se*, brings this case against defendants Attorney General of California Rob Bonta and Special Agents Johnston and Bischel of the California Attorney General's Office alleging a violation of his civil rights by their placement of him on a list prohibiting possession of firearms, confiscating his firearms, and purportedly causing him to lose his job selling firearms at an outdoor supply store. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21).

On August 27, 2024, defendants filed a motion seeking dismissal of all claims brought against them. (Doc. No. 9.) On December 16, 2024, the assigned magistrate judge issued findings and recommendations recommending that: 1) defendants' motion to dismiss be granted; 2) plaintiff's Second Amendment and due process claims be dismissed with prejudice because amendment would be futile; and 3) plaintiff's Fourth Amendment individual capacity claim and state law claims be dismissed with leave to amend. (Doc. No. 15.) Specifically, the magistrate

1

1  judge concluded that plaintiff's official capacity claims brought against defendants for damages,
2  as well as his retrospective claims for declaratory relief, were barred by the Eleventh
3  Amendment. (*Id.* at 3-4.) The magistrate judge also found that plaintiff's claims brought under
4  42 U.S.C. § 1983 against the defendants in their individual capacity were also subject to dismissal
5  because: 1) he had failed to allege any conduct attributable to, or personal involvement by,
6  defendant Bonta and; 2) the claims brought against defendants Johnston and Bischel both failed
7  to state a cognizable claim for violation of plaintiff's constitutional rights and, even if this was not
8  the case, those defendants would be entitled to qualified immunity. (*Id.* at 5–6.) The magistrate
9  judge further concluded that plaintiff's Fourth Amendment claim failed to identify how the search
10 warrant in question was deficient and thus was vague and conclusory and should be dismissed
11 with leave to amend. (*Id.* at 6.) Because plaintiff's substantive constitutional claims were subject
12 to dismissal, the magistrate judge concluded that so too was his conspiracy claim brought under
13 42 U.S.C. § 1985. (*Id.* at 7.) The magistrate judge recommended dismissal of plaintiff's state law
14 claims for damages due to his failure to timely present those claims to the Department of General
15 Services in compliance with California's Government Claims Act. (*Id.*) Finally, it was
16 recommended that plaintiff's request for imposition of criminal penalties be dismissed as non-
17 cognizable. (*Id.* at 8.) On December 30, 2024, plaintiff timely filed objections to the pending
18 findings and recommendations. (Doc. No. 16.)[1] On January 17, 2025, defendants filed their
19 response to plaintiff's objections. (Doc. No. 19.)
20     In his objections, plaintiff largely rehashes his arguments which were appropriately
21 addressed and rejected by the magistrate judge in the pending findings and recommendations or
22 launches baseless attacks of judicial bias. (Doc. No. 16.) Those objections are clearly meritless
23 and need not be addressed any further. The court will note that, with respect to the
24 recommendation that leave to amend be granted as to some of his claims, plaintiff's objections
25 reflect his misunderstanding of the pending findings and recommendations. (*Id.* at 3–4.) If

---

27 [1] Plaintiff's filing was styled as both objections to the findings and recommendations and a
notice of appeal. (Doc. No. 16.) On January 24, 2025, the Ninth Circuit Court of Appeals issued
28 an order dismissing plaintiff's appeal for lack of jurisdiction. (Doc. No. 20.)

1  plaintiff is able to in good faith allege additional facts in support of his Fourth Amendment claim
2  and his compliance with the claim presentation requirement in connection with his state law
3  claims, he may do so in an amended complaint.  The pending findings and recommendation have
4  provided plaintiff with guidance as to the pleading deficiencies with respect to the claims that
5  exist in his original complaint.  (Doc. No. 15 at 6–7.)

   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections and defendants' response thereto, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

   Accordingly:

   1. The findings and recommendations issued December 16, 2024 (Doc. No. 15), are adopted;
   2. Defendants' motion to dismiss (Doc. No. 9), is granted;
   3. Plaintiff's Second Amendment and due process claims are dismissed with prejudice;
   4. Plaintiff's Fourth Amendment individual capacity claim and state law claims are dismissed with leave to amend;
   5. Plaintiff is granted thirty days from the date of this order to either file an amended complaint or a notice of his intent not to do so; and
   6. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

   IT IS SO ORDERED.

   Dated:  **February 18, 2025**

   _Dale A. Drozd_
   DALE A. DROZD
   UNITED STATES DISTRICT JUDGE

3